# JacksonLewis

**Jackson Lewis P.C.**
58 South Service Road, Suite 250
Melville, NY  11747
(631) 247-0404 Main
(631) 247-0417 Fax
jacksonlewis.com

MY DIRECT DIAL IS:  (631) 247-4614
MY EMAIL ADDRESS IS:  JEFFREY.SCHLOSSBERG@JACKSONLEWIS.COM

October 7, 2022

**VIA ECF**

Hon. Jennifer L. Rochon
U.S. District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   D'Angelo v. RXR Realty
      Case No. 22-CV-5219 (JLR)

> IT IS HEREBY ORDERED that Plaintiff shall file a response, if any, to Defendant's letter-motion by **October 18, 2022.**
>
> Dated:  October 11, 2022
>         New York, New York
>
> SO ORDERED
>
> *[signature]*
> JENNIFER L. ROCHON
> United States District Judge

Dear Judge Rochon:

We represent Defendant RXR Realty ("Defendant" or "RXR") in the above-referenced matter.  We write to request that the Court stay discovery pending resolution of Defendant's motion to dismiss the Complaint, filed today (Dkt Nos. 24 through 27).  The Court's decision on that motion could dispose of this action entirely.  A brief stay until the motion is resolved will not prejudice Plaintiff and would avoid potentially time-consuming discovery that might well be rendered moot.  This, and as set forth more fully below, is precisely the circumstances in which courts find "good cause" to stay discovery.  We conferred with counsel to seek consent for this request (including a meet and confer phone call on October 4, 2022).  However, Plaintiff's counsel does not consent.[1]

**LEGAL STANDARD**

A district court has broad discretion to stay discovery "for good cause shown."  Fed. R. Civ. P. 26(c); *Hong Leong Fin. Ltd. (Sing.) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013).  "Good cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay." *Spencer Trask Software & Info Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (granting motion to stay discovery pending disposition of a motion to dismiss) (citing *Anti-Monopoly, Inc. v. Hasbro*, No. 94-cv-2120-LMM-AJP, 1996 U.S. Dist. LEXIS 2684, 1996 WL 101277, at *2 (S.D.N.Y. Mar. 7, 1996)); *see also Trs. Of The New York City Dist. Council of Carpenters Pension Fund v. Showtime on the Piers LLC*, No. 19-cv-07755-VEC, 2019 U.S. Dist.

---

[1] Because the request for relief is not specifically a discovery "dispute" we are seeking the relief directly.  However, if the Court see this as falling under the Court's Individual Rule 2(E), we respectfully request that the Court treat this letter as a pre-motion conference request letter.

LEXIS 223677, 2019 WL 6912282, at *4 (S.D.N.Y. Dec. 19, 2019) (granting stay of discovery pending determination of motion to dismiss, as "[w]here, as here, defendant [has] presented substantial arguments for dismissal of many, if not all, of the claims asserted in the lawsuit, a stay of discovery is appropriate."). A court is obliged not to proceed unnecessarily with merits discovery in a case over which the court may lack subject matter jurisdiction. *See Hong Leong Fin. Ltd.*, 297 F.R.D. at 75.

In deciding whether to stay discovery, courts consider the strength of the dispositive motion, the breadth of discovery sought and the burden of responding to it, and the risk of prejudice to the party opposing the stay. *See id.*, 297 F.R.D. at 72. The factors here weigh in favor of a stay.

## II.   DEFENDANT'S PENDING MOTION TO DISMISS PROVIDES 'GOOD CAUSE' FOR STAYING DISCOVERY

### A.   The Pending Motion Has Substantial Grounds and Might Eliminate All of Plaintiff's Claims

With regard to the first prong, Defendant's "motion to dismiss is sufficient to support a stay because it 'is potentially dispositive, and appears to be not unfounded in the law.'" *Negrete v. Citi Bank, N.A.*, No. 15-cv-7250-RS, 2015 U.S. Dist. LEXIS 163733, 2015 WL 8207466, at *3 (S.D.N.Y. Dec. 4, 2015) (quoting *Bethpage Water Dist. V. Northrop Grumman Corp.*, No. 13-cv-6362, 2014 U.S. Dist. LEXIS 168468, 2014 WL 6883529, at *4 (E.D.N.Y. Dec. 3, 2014) (additional quotations omitted)). As set forth in Defendant's motion, this Court lacks jurisdiction over Plaintiff's claims.[2] Indeed, a Rehabilitation Act claim requires that the employer is a "program or activity receiving Federal financial assistance." RXR is not; a fatal flaw in Plaintiff's Complaint.[3] Further, following dismissal of Plaintiff's federal Rehabilitation Act claim, the Court should decline to exercise pendent jurisdiction over Plaintiff's remaining claims asserted under the NYSHRL.

The Court will, of course, ultimately determine the merits of Defendant's motion, but Plaintiff cannot reasonably dispute that it has, at minimum, "substantial grounds" and some "foundation in law," thereby warranting a stay. *Johnson v. N.Y. Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (granting stay pending determination of motion to dismiss).

### B.   Defendant Will Be Required to Expend Unnecessary Time and Money on Discovery in a Case That May Well Be Dismissed

The parties have not yet exchanged discovery demands. If discovery is not stayed, however, we both parties will seek discovery, including document exchange and depositions. In light of the motion, discovery would pose a burden and expense disproportionate to the case— "because 'the disposition of the dismissal motions may significantly narrow, if not eliminate, the issues remaining in this case' … 'proceeding with discovery while the motion is pending would

---

[2] Defendant respectfully refers the Court to Defendant's Memorandum of Law in support of its motion to dismiss. (Dkt. 27).

[3] Defendant's motion to dismiss properly includes the Declaration of Michael McMahon, RXR's Executive Vice President, Director of Tax, dated September 30, 2022 ("McMahon Declaration"), in which Mr. McMahon states that RXR does not receive federal financial assistance.

waste the parties' resources and would constitute an undue burden' on Defendant[]." *HAHA Global, Inc. v. Barclays*, No. 19-cv-04749-VEC-SDA, 2020 U.S. Dist. LEXIS 29637, 2020 WL 832341, at *3 (S.D.N.Y. Feb. 20, 2020) (quoting *Rivera v. Heyman*, No. 96-cv-4489-PKL, 1997 U.S. Dist. LEXIS 2003, 1997 WL 83694, at *1 (S.D.N.Y. Feb. 27, 1997)).

### C. There is No Risk of Prejudice to Plaintiff

Finally, there is no risk of unfair prejudice to Plaintiff. "[T]he passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery. Otherwise, stays of discovery would never be granted given that some delay is inherent in any stay." *O'Sullivan v. Deutsche Bank AG*, No. 17-cv-8709-LTS-GWG, 2018 U.S. Dist. LEXIS 70418, 2018 WL 1989585, at *30 (S.D.N.Y. Apr. 26, 2018). Plaintiff cannot identify any immediate need for discovery in this matter. Further, the suit seeks money damages only, which continue to accrue with interest in the event Plaintiff is successful. Thus, Plaintiff is not prejudiced financially. To the contrary, RXR would be prejudiced by being required to undergo costly discovery when it is evident from RXR's motion that there is no jurisdictional basis for Plaintiff's claim.

When a plaintiff's "complaint is deficient under Rule 8, he is not entitled to discovery." *Ashcroft v. Iqbal*, 556 U.S. 662, 686, 129 S. Ct. 1937, 1954 (2009). Plaintiff's complaint is deficient. Thus, Defendant respectfully submits that good cause exists to stay discovery until such time as this Court rules on the motion to dismiss.

We thank the Court for its attention to this matter.

Respectfully submitted,

JACKSON LEWIS P.C.

*Jeffrey M. Schlossberg*

Jeffrey M. Schlossberg

JMS/nml

cc: All Counsel of Record (via ECF)

4863-6995-9735, v. 1